NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

22-384

LOUISIANA STORAGE MANNING, LLC

VERSUS

LARRY BAYONNE d/b/a BAYONNE'S FENCING

**********

APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCES, NO. C-92,232
HONORABLE LALA B. SYLVESTER, DISTRICT JUDGE

**********

CHARLES G. FITZGERALD
JUDGE

**********

Court composed of Candyce G. Perret, Jonathan W. Perry, and Charles G. Fitzgerald, Judges.

AFFIRMED.

**David L. White**
**3985 Airline Drive**
**Bossier City, Louisiana 71111**
**(318) 747-7023**
**Counsel for Plaintiff/Appellant:**
  **Louisiana Storage Manning, LLC**


**William D. Dyess**
**Dyess Law Firm, LLC**
**Post Office Box 18**
**Natchitoches, Louisiana 71457**
**(318) 352-5880**
**Counsel for Defendant/Appellee:**
  **Larry Bayonne d/b/a Bayonne's Fencing**

**FITZGERALD, Judge.**

In this appeal, we are asked to review the judgment in an action for breach of contract.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff, Louisiana Storage Manning, LLC, negotiated with Defendant, Larry Bayonne d/b/a Bayonne's Fencing, to construct fences around three separate storage-facility properties in Natchitoches, Louisiana. The properties are commonly referred to as the "office" property, the "Blanchard" property, and the "skating rink" property.

By all accounts, the parties agreed to use industrial fencing around the office and Blanchard properties. It is unclear whether a similar agreement was reached for the skating rink property, but that is of no consequence in this appeal.

Oversimplifying slightly, it is undisputed that the fence around the office property was completed and paid in full; the fence around the Blanchard property was partially completed and paid in full; and the fence around the skating rink property was in the initial stages when payment issues arose and Bayonne's Fencing stopped its work.

Shortly thereafter, Plaintiff hired Alex Hanes to inspect Bayonne's work and finish the job. Alex initially concluded that Bayonne had improperly used residential fencing rather than industrial fencing. Alex then removed and disposed of the residential-fencing materials from the Blanchard and skating rink properties and completed the fencing work on those two jobs. The office property fence remained intact despite the allegation of substandard materials.

Ultimately, in October 2020, Plaintiff filed suit against Bayonne's Fencing for breach of contract. Plaintiff specifically sought the return of its payments for the

office and Blanchard fences, along with the costs of removing the residential-grade materials.

A bench trial was held in January 2022. The matter was taken under advisement. And on February 24, 2022, the trial court issued a final written judgment denying Plaintiff's claims. Plaintiff appealed.

On appeal, Plaintiff asserts three assignments of error:

1.    The trial court erred in not accepting the expert opinion of Alex Hanes that [Bayonne] used residential fencing as opposed to industrial fencing.

2.    The trial court erred in determining that Dedrick Ratliff was credible. The trial court erred in finding that Bayonne used industrial grade fencing for the appellant's projects.

3.    The trial court erred in ruling against appellant for appellant's failure to produce the physical fence used by [Bayonne].

**LAW AND ANALYSIS**

Findings of fact are reviewed on appeal using the manifest error-clearly erroneous standard of review. *Stobart v. State through Dep't of Transp. & Dev.*, 617 So.2d 880 (La.1993). To reverse a trial court's determination of fact under this standard, an appellate court must review the record in its entirety and (1) find that a reasonable factual basis does not exist for the finding, and (2) further determine that the record establishes that the trial court is clearly wrong or manifestly erroneous. *Id.* The appellate court must not reweigh the evidence or substitute its own factual findings even if it would have decided the case differently. *Id.* And "where two permissible views of the evidence exist, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong." *Id.* at 883.

2

*First and Second Assignments of Error*

The dispositive issue at trial was whether Bayonne used industrial fencing or residential fencing for the projects. To this end, the trial court was presented with two contradictory opinions: one from an expert witness; the other from a lay witness. Plaintiff asserts that the trial court erred in rejecting the expert opinion, that the trial court erred in determining that the lay witness was credible, and that the trial court erred in finding that Bayonne used industrial fencing. This is the essence of Plaintiff's first and second assignments of error. And we review these assignments together in the discussion below.

At trial, Alex testified as Plaintiff's expert. As noted previously, Alex was hired by Plaintiff to inspect Bayonne's work and finish installing the fencing. No other experts were offered at trial by either party. Alex testified that after personal inspection, he determined that the materials used by Bayonne were of residential rather than industrial grade. In contrast, Bayonne's ten-year employee Dedrick Ratliff testified that he personally installed the fencing and that it was of industrial grade. No other evidence was adduced to prove this fact.

As the trial court explained: "The only testimony that the fencing was not industrial came from the plaintiff's witness who actually charged the plaintiff to tear it down and replace it." In the end, the trial court chose to believe Dedrick's testimony.

In Louisiana, the assessment of expert testimony is within the fact finder's great discretion. *Sistler v. Liberty Mutual Ins. Co.,* 558 So.2d 1106 (La.1990). Even uncontradicted expert testimony as to ultimate facts is not binding on the trial court. *Naquin v. Hile*, 536 So.2d 676 (La.App. 3 Cir. 1988). "Although experts may aid

3

the trial court in the determination of ultimate facts, the final conclusions drawn from those facts belong exclusively to the trier of fact." *Id*. at 679.

In its ruling, the trial court noted that Alex removed the materials installed by Bayonne's Fencing and replaced them with his own materials, and at no time during the process was Bayonne notified of the problem or given an opportunity to remedy the situation. The trial court then homed in on Alex's disposal of the alleged inferior materials. As the trial court put it:

> Even though it would have been so simple to do, the plaintiff[] brought no physical evidence of the fence that allegedly had to be torn down, not even a photograph. They did bring samples to discuss, but nothing from the actual fence installed by Bayonne Fencing. The only testimony that the fencing was not industrial came from the plaintiff's witness who actually charged the plaintiff to tear it down and replace it. It would have been so easy to have kept a piece of the fence that was allegedly torn down and replaced.
>
> . . . .
>
> Because there is no physical evidence of the fencing that was installed by Bayonne Fencing, it becomes a credibility issue. The court finds that the most credible witness was Dedrick Ratliff and finds that Bayonne Fencing did in fact install industrial fencing and did the job they were hired to do.

When findings of fact are based on evaluations of witness credibility, the manifest error standard gives the trial court great deference. "[R]easonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable." *Rosell v. ESCO*, 549 So.2d 840, 844 (La.1989).

Here, the trial court observed Alex and Dedrick as they testified under oath and subject to cross examination. "[O]nly the fact finder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said." *Powell v. Craft*, 48,004, p. 5 (La.App. 2

4

Cir. 6/26/13), 117 So.3d. 298, 301. The trial court ultimately rejected Alex's expert opinion as to the type of fencing that had been used, choosing instead to believe Dedrick's testimony. And indeed, Dedrick's lay opinion on this ultimate fact was proper under La.Code Evid. arts. 701 and 704: it was based on his first-hand knowledge, and it assisted the trial court in understanding the evidence.

After review of the record, we conclude that the trial court was presented with two permissible views as to whether Bayonne had used industrial or residential fencing. The trial court's finding was therefore not manifestly erroneous. And Plaintiff's first and second assignments of error are without merit.

### *Third Assignment of Error*

In its third assignment, Plaintiff asserts that "[t]he trial court erred in ruling against appellant for appellant's failure to produce the physical fence used by the appellee." This assignment misstates the record before us.

In its written reasons, the trial court pointed out the obvious: the subject fencing (the real evidence) had not been produced or otherwise utilized by Plaintiff at trial. As noted above, Alex testified that he removed the fencing materials used by Bayonne and disposed of them. Thus, the trial court correctly noted that "[b]ecause there is no physical evidence of the fencing that was installed by Bayonne Fencing, it becomes a credibility issue." And as between Alex and Dedrick, the trial court found that Dedrick was the more credible witness. The trial court accepted Dedrick's testimony as the basis for its decision. And we again find no manifest error in that determination. Consequently, this assignment of error also lacks merit.

5

## DISPOSITION

For the above reasons, we affirm the trial court's judgment of February 24, 2022. The costs of this appeal are assessed to Plaintiff, Louisiana Storage Manning, LLC.

**AFFIRMED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Uniform Rules, Courts of Appeal, Rule 2-16.